UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CATHY PENN, | ) |
| | ) |
|       *Plaintiff* | ) |
| v. | )    No. 2:11-cv-363-NT |
| | ) |
| KNOX COUNTY, et al., | ) |
| | ) |
|       *Defendants* | ) |

## MEMORANDUM DECISION AND ORDER
## ON DISCOVERY DISPUTE

During a discovery teleconference with counsel on February 28, 2012, I sustained an instruction by the defendants' counsel to defendant Dane Winslow, during Mr. Winslow's deposition, not to answer a question that would divulge information contained in withheld personnel file documents, pending my adjudication of whether the withholding of documents from Mr. Winslow's personnel file was proper. *See* Docket No. 16. I directed the defendants' counsel to provide to the court a copy of the plaintiff's request for production of documents, the defendants' objections thereto, and *in camera* copies of all documents withheld from Mr. Winslow's personnel file. *See id.* The defendants' counsel has done so.

With the benefit of my *in camera* review of the pertinent documents and audio recordings, for the reasons that follow, I now sustain in part and overrule in part the defendants' objections to the production of those materials.

In response to the plaintiff's request to defendant Knox County for the production of any and all personnel records for several individuals, including Mr. Winslow, Knox County objected on the basis that the information sought was overly broad, unduly burdensome, not relevant to any claim or defense in the case, confidential, and not otherwise subject to public disclosure. In

1

conjunction with the defendants' *in camera* disclosure, they provided a privilege log identifying 23 withheld documents, the first 20 of which are pertinent to Mr. Winslow. In that log, the defendants indicated that they withheld all 20 of those documents on the same basis: that they were irrelevant to any claim or defense asserted in this matter. The defendants also supplied 21 *in camera* documents, the first of which is a CD containing audio recordings of three separate interviews of Mr. Winslow by Knox County Jail personnel in December 2010, and the remainder of which are separate paper documents. The 21st document, which I suspect was inadvertently omitted from the privilege log, is a copy of a memorandum from C/O R. Grierson to Major R. Robbins date-stamped November 27, 2001, bearing on the same incidents that are the subject matter of Document Nos. 15 through 18.[1] I have carefully reviewed and considered all 21 documents.

### A. 2010 Documents

I agree with the defendants that the conduct for which Mr. Winslow was disciplined in 2010 (Document Nos. 1-12 and 20) has no bearing on any claim or defense in this case. The jail's concern during that time period was the manner in which Mr. Winslow interacted with other jail staff, not the manner in which he carried out his duties with respect to inmates. No concern is expressed in any of those documents that Mr. Winslow's interpersonal difficulties affected his work with inmates. That said, I have concluded that certain portions of the 2010 documents do bear incidentally on the functioning of the jail and, hence, are relevant, particularly given their temporal proximity to the incidents at issue in this case, which occurred in October 2009. These documents may not ultimately be admissible under Federal Rule of

---

[1] The defendants did not number documents contained on the privilege log. However, for ease of reference, I have numbered them in the order in which they are listed on that log and have called the document pertaining to Mr. Winslow that is not listed "Document No. 21."

Evidence 403 or otherwise, but they are discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1). For that reason, I **SUSTAIN** in part and **OVERRULE** in part the defendants' objection to the production of the 2010 documents and **ORDER** that the following documents be produced forthwith to the plaintiffs:

1. <u>Document No. 1</u>, Audio Recording of December 10, 2010, interview of Mr. Winslow by Sheriff Donna Dennison, with the proviso that the defendants may redact portions other than those in which Mr. Winslow and Sheriff Dennison discuss habits and behavior of jail personnel generally, either in the control room or elsewhere on jail premises.[2]

2. <u>Document No. 4</u>, with the proviso that the defendants may redact the name in lines 15-17 of the text.

3. <u>Document No. 11</u>, with the proviso that the defendants may redact any or all sentences in the text except for sentences five through 12.

### B.  1999, 2002, and 2003 Documents

I **SUSTAIN** the defendants' objection to the production of Document Nos. 13, 14, and 19, which have no bearing on any claim or defense in this case and are too far removed in time from the October 2009 event in question.

### C.  2001 Documents

I **SUSTAIN** the defendants' objection to the production of Document Nos. 15-18 and 21. Although these documents describe incidents involving Mr. Winslow's duties with respect to inmates, their potential relevance is attenuated by the passage of approximately eight years between the described events and the events at issue in this case as well as the dissimilarities

---

[2] Mr. Winslow also makes reference to these habits and behavior in the remaining two interviews, conducted by Major J. Hinkley on December 10, 2010, and December 2, 2010. However, his comments are cumulative of those made to Sheriff Dennison.

between the conduct at issue in 2001 and the conduct of Mr. Winslow and other defendants at issue in this case.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 8th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge