UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CATHY PENN, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )    No. 2:11-cv-363-NT |
| | ) |
| KNOX COUNTY, et al., | ) |
| | ) |
|       Defendants | ) |

*MEMORANDUM DECISION AND ORDER*
*ON MOTION FOR RECONSIDERATION*

Plaintiff Cathy Penn, in her capacity as guardian of Matthew Lalli, moves pursuant to Local Rule 7(g) for reconsideration of my March 8, 2012, decision and order sustaining in part and overruling in part the defendants' objections to the production of portions of the personnel file of defendant Dane Winslow. *See* Motion To Reconsider the Memorandum Decision and Order on Discovery Dispute ("Motion") (ECF No. 20) at 1; Memorandum Decision and Order on Discovery Dispute ("Decision") (ECF No. 19). I grant the Motion.

I rendered the Decision after hearing oral argument during a discovery teleconference held on February 28, 2012, and receiving the relevant documents for *in camera* inspection. *See* ECF No. 16. The plaintiff did not then object to my proceeding to decide this matter without the benefit of briefing. However, she now submits both a brief and accompanying evidence focused on an issue not brought to my attention during the teleconference: "the importance of these documents to the credibility of witnesses." Motion at 2. The presentation of a new argument is grounds for summary denial of a motion for reconsideration. *See, e.g., Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) ("Litigation is not a game of hopscotch. It is generally accepted that a party may not, on a motion for reconsideration, advance a new

1

argument that could (and should) have been presented prior to the district court's original ruling.").

Nonetheless, because of (i) the narrow scope of the reconsideration sought, pertaining to documents "bearing directly on the credibility" of Mr. Winslow, *see* Motion at 1, specifically, documents reflecting a 2010 disciplinary action for lying during an investigation, *see id*. at 3-4, (ii) the importance of the issue presented, and (iii) the defendants' focus on the merits of the documents' discoverability rather than any waiver, *see generally* Objection to Plaintiff's Motion To Reconsider the Memorandum Decision and Order on Discovery Dispute ("Objection") (ECF No. 21), I have exercised discretion to grant the Motion and resolve the underlying narrow issue on its merits.

## I. Discussion

Pursuant to Local Rule 7(g), a motion to reconsider an interlocutory order of the court "shall demonstrate that the order was based on a manifest error of fact or law[.]" Loc. R. 7(g). The plaintiff correctly notes that, in conducting my *in camera* review of the 21 documents at issue to assess the propriety of the defendants' objections, I considered only whether those documents were relevant to the plaintiff's claims, not whether they were relevant for impeachment purposes. *See* Decision at 2-4.[1] On that basis, I overruled the defendants' objections with respect to portions of three of the documents at issue, Document Nos. 1, 4, and 11, and otherwise sustained their objections. *See id*. The defendants duly produced to the

---

[1] As noted in the Decision, the defendants supplied to me (i) a privilege log identifying 23 withheld documents, including a CD, the first 20 of which were pertinent to Mr. Winslow, (ii) a CD containing audio recordings of three separate interviews of Mr. Winslow by Knox County Jail personnel in December 2010, and (iii) 20 additional paper documents, one of which was not listed on the privilege log. *See* Decision at 1-2. The defendants did not number documents contained on the privilege log; however, for ease of reference, I numbered them in the order in which they were listed on that log, with the CD being Document No. 1, and I referred to the unlisted document pertaining to Mr. Winslow as "Document No. 21." *See id*. at 2 & n.1. I follow the same convention here.

plaintiff portions of Document Nos. 1, 4, and 11, which were correctly redacted in accordance with my order.  *See* ECF Nos. 20-7, 20-8, & 20-9, attached to Motion.  I conclude that, had the plaintiffs called to my attention their need for documents for impeachment purposes, and had I had the benefit of the briefs that have now been provided, I would have ordered the defendants to produce, in addition, documents bearing on the 2010 disciplinary action against Mr. Winslow for lying, specifically, an unredacted version of Document No. 11 and Document Nos. 3, 12, and 20 in their entirety.  In that sense, the Decision contains a manifest error of law.

Advisory Committee notes to Federal Rule of Civil Procedure 26 make clear that, even in the wake of a 2000 amendment designed to "signal[] to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings," a "variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action[,]" for example, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses[.]"  Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000).  *See also Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001) ("The commentary to the most recent rule changes makes it clear that even under the narrowed scope of discovery facts bearing on the credibility of witnesses are relevant to the claims and defenses raised by the pleadings.").

Courts and leading commentators likewise have recognized that evidence bearing on a witness's credibility can be discoverable.  *See, e.g.*, *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) (granting motion to compel plaintiff's expert witness/treating physician to answer questions regarding her involvement in prior litigation or disciplinary proceedings, which was "likely to lead to evidence relevant both to [her] skill as a physician and her credibility"); Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, 8 *Federal Practice and Procedure*

§ 2015, at 292-94 (3d ed. 2010) ("Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition. . . . Information showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action.") (footnote omitted).

The defendants do not dispute the basic proposition that impeachment evidence can be relevant and discoverable. *See generally* Objection. However, they observe, "[d]efining the scope of discovery related to impeachment is troublesome: the areas to be probed to test a witness' credibility are virtually limitless." *Id*. at 2 (quoting *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988)). Accordingly, they urge the court to adopt a five-factor approach set forth in *Davidson Pipe*, *see id*. at 2-3, designed "to limit discovery for purposes of impeachment in the same way that other discovery is constrained: by determining whether it is reasonably likely to lead to admissible evidence[,]" *Davidson Pipe*, 120 F.R.D. at 462. As the *Davidson Pipe* court explained, "In the context of discovery for impeachment purposes, this means deciding whether disclosure may reveal information affecting the credence afforded to a witness' trial testimony." *Id*.

The *Davidson Pipe* court identified the following considerations as relevant to that analysis: (i) whether "the prior acts in question . . . demonstrate a propensity for deception[,]" (ii) "the extent to which the prior act, even if deceptive, occurred in a context where there is a premium on veracity[,]" (iii) "[t]he lapse of time between the prior act and the trial testimony[,]" (iv) "the relationship between the subject matter of the prior deceptive act and that of the instant litigation[,]" and (v) "whether the party seeking disclosure has a foundation for its inquiry." *Id*. at 462-63. While the plaintiff does not specifically refer to these five factors, she, too, cites *Davidson Pipe*, endorsing its observation that discovery for purposes of impeachment should be

4

limited to discovery that may reveal information affecting the credence to afford to a witness's trial testimony.  *See* Motion at 6-7.

The *Davidson Pipe* analytical framework is thoughtful and well-conceived, and I apply it for purposes of resolution of the instant Motion.

With the *Davidson Pipe* framework in mind, I have again listened to all audio recordings contained on the CD numbered as Document No. 1 and have carefully reviewed the remaining 20 paper documents that the defendants supplied to me *in camera.*  Only four of these documents concern the 2010 disciplinary action at issue: Document Nos. 3, 11, 12, and 20, all of which relate to the disciplinary action taken against Mr. Winslow in 2010 for lying during the course of an investigation into a sexual relationship with a subordinate.  As noted above, Document No. 11 already has been produced, albeit with substantial redactions, in accordance with my Decision.  *See* ECF No. 20-9, attached to Motion.

With respect to these four documents, the defendants argue that, "[w]hile consideration of several of the factors discussed in *Davidson Pipe* could support disclosure of these document[s], the relationship between the conduct discussed in these documents and the subject matter of this litigation is so attenuated that the Court's prior decision to limit their disclosure is correct."  Objection at 3.  They note that the subject matter of the investigation, a sexual relationship with a subordinate, is unrelated either to the subject matter of the instant suit or the manner in which Mr. Winslow carried out his duties with respect to inmates.  *See id*.

In so arguing, the defendants effectively concede, and, in any event, I independently find, that four of the five *Davidson Pipe* factors weigh in favor of disclosure:

1. The prior act at issue is lying, the quintessential act demonstrating a propensity for deception.  *See Davidson Pipe*, 120 F.R.D. at 462 ("[T]he principle is clear in most instances:

5

acts such as perjury reflect on the witness' truthfulness, acts such as communication of threats or the witness' failure to pay debts do not.").

2. The deception occurred in a context in which a premium was placed on veracity. As the *Davidson Pipe* court observes, "sworn statements to a court or government agency, employment applications, and even applications for credit carry an obligation for truthfulness, so that falsehoods in such situations may be probative of a lack of credibility." *See id*. In connection with the investigation, Mr. Winslow signed a so-called "Garrity Notice" in which he was apprised that all questions relating to the performance of his official duties must be answered fully and truthfully and that disciplinary action, including dismissal, might be taken if he refused to do so.

3. There is a sufficiently close temporal relationship to weigh in favor of disclosure. Disciplinary proceedings against Mr. Winslow for lying were conducted in June and July 2010, about a year and a half prior to Mr. Winslow's deposition on February 28, 2012. *See* Deposition of Dane C. Winslow, Jr. ("Winslow Dep.") (ECF No. 20-4), attached to Motion, at 1.

4. The plaintiff demonstrates a foundation for her inquiry. As she notes, this action arises from Knox County Jail ("Jail") inmate Matthew Lalli's attempted suicide on October 5, 2009, two days after he was booked into the Jail. *See* Motion at 3; Amended Complaint and Demand for Jury Trial ("Amended Complaint") (ECF No. 25) ¶¶ 20, 50-51. Mr. Lalli cannot testify concerning these events. He suffered severe brain damage as a result of his unsuccessful suicide attempt, has no memory of the incident, and is unable to communicate intelligently. *See* Motion at 3; Amended Complaint ¶ 51. In these circumstances, the plaintiff persuasively argues, the testimony of others who interviewed and assessed Mr. Lalli is critical. *See* Motion at 7-8. Mr. Winslow was among those, *see, e.g.*, Winslow Dep. at 11-14, and the plaintiff points, *inter*

6

*alia*, to seeming inconsistencies between his testimony regarding Mr. Lalli's answers and the responses of Mr. Lalli recorded on an Initial Inmate Assessment form by Corrections Officer Jennifer Stilkey, *see* Motion at 3, 7-8; *compare* Winslow Dep. at 11-14; ECF No. 20-3, attached to Motion *with* ECF No. 20-5, attached to Motion, underscoring the need to test Mr. Winslow's credibility.[2]

With respect to the remaining *Davidson Pipe* factor, as the defendants correctly point out, *see* Objection at 3, there is no relationship between the prior deceptive act, lying in the course of an investigation into an alleged sexual relationship, and the subject matter of the instant suit. Nonetheless, I am persuaded that application of the *Davidson Pipe* factors favors disclosure in these circumstances. The discovery sought "is reasonably likely to lead to admissible evidence[,]" in the sense that it "may reveal information affecting the credence afforded to [Mr. Winslow's] trial testimony." *Davidson Pipe*, 120 F.R.D. at 462. I make no ruling as to whether any of the documents that I now order disclosed, or any that I previously ordered disclosed in my Decision, ultimately is admissible.

Accordingly, I **GRANT** the plaintiff's motion for reconsideration and **MODIFY** my Decision to **ORDER** that the following additional documents be produced forthwith to the plaintiff without redaction, subject to the consent confidentiality order entered in this case, *see* ECF No. 15:

---

[2] The Amended Complaint names "Julie" Stilkey as the corrections officer who completed the Initial Inmate Assessment form regarding Mr. Lalli. *See* Amended Complaint ¶¶ 12, 21-28. For purposes of resolution of the instant motion, I need not determine whether "Julie" Stilkey is one and the same as "Jennifer" Stilkey, who was deposed regarding her completion of that form. *See* Deposition of Jennifer Stilkey (ECF No. 20-6), attached to Motion, at 1, 36-64. It is clear that, regardless of whether Jennifer Stilkey is a co-defendant, she is an important witness in this case.

1.      <u>Document No. 3</u>, Department Head's Determination re: Demotion, dated July 23, 2010.

2.      <u>Document No. 11</u>, Memorandum from Mr. Winslow to Sheriff Donna Dennison, Major John Hinkley, Lieutenant Kathy Carver, and Lieutenant Cynthia Gardner, dated July 22, 2010, re: disciplinary action.

3.      <u>Document No. 12</u>, Memorandum from Major Hinkley to Mr. Winslow dated June 24, 2010, re: notification of investigation.

4.      <u>Document No. 20</u>, Internal Investigation report, with attachments, re: Mr. Winslow, dated June 16, 2010.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 14th day of May, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge