UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CATHY PENN, in her capacity as )
guardian of Matthew Lalli, )
 )
      Plaintiff, )
 ) Civil No. 2:11-cv-00363-NT
v. )
 )
KNOX COUNTY, et. al., )
 )
      Defendants. )

**AMENDED ORDER ON MOTION FOR STAY OF DISCOVERY PENDING APPEAL AND MOTION FOR ENTRY OF FINAL JUDGMENT**

Before the Court are the Plaintiff's motion for the Court to enter final judgment in favor of Knox County, Knox County Jail, John Hinkley, in his capacity as administrator of the Knox County Jail, Kathy Carver, in her capacity as assistant administrator of the Knox County Jail, and Donna Dennison, in her capacity as Knox County Sheriff (collectively, the "**Municipal Defendants**"), and corrections officer Julie Stilkey (ECF No. 117), and the Defendants' motion for a stay of discovery pending appeal (ECF No. 116).[1] For the reasons stated below, the Court **GRANTS** both motions.

---

[1] In the first paragraph of the Plaintiff's motion, she requests that the Court enter final judgment in favor of Officer Heath IV. However, the Plaintiff omits any mention of Officer Heath IV from her concluding paragraph and does not supply any argument concerning the claims against him. Furthermore, the Plaintiff did not oppose the Defendants' motion for summary judgment regarding the claims against Officer Heath IV. Pl.'s Opp'n to Defs.' Mot. for Summ. J. 1 n.3 (ECF No. 92). For these reasons, the Court considers his inclusion in parts of this motion to be an oversight and takes no action concerning his situation.

## PROCEDURAL BACKGROUND

On July 3, 2012, the Court issued an order (ECF No. 46) granting a joint motion to bifurcate discovery on liability and damages (ECF No. 45), as the parties represented that discovery on damages would be costly and might not be necessary if summary judgment were granted to all the Defendants.

Discovery on liability has concluded. On September 30, 2013, the Court issued an order granting summary judgment to the Municipal Defendants and to corrections officers Julie Stilkey and Warren Heath IV (ECF No. 108). The order denied summary judgment as to the remaining six defendants, Sergeant Dane Winslow, Corporal Bradley Woll and Officers Robert Wood, Christopher Truppa, Warren Heath III, and Angela Escorsio.

On October 21, 2013, Officers Winslow, Woll, and Escorsio filed a notice of appeal challenging this Court's rejection of their qualified immunity defense (ECF No. 112). They are entitled to an immediate appeal of the Court's decision on qualified immunity under the collateral order exception to final judgment rule. *See Torres v. Puerto Rico*, 485 F.3d 5, 8-9 (1st Cir. 2007). Officers Wood, Truppa, and Heath III are not bringing an appeal at this time.

## MOTION FOR ENTRY OF FINAL JUDGMENT

By consent motion, the Plaintiff requests that the Court direct entry of final judgment under Federal Rule of Civil Procedure 54(b) as to the Municipal Defendants and Officer Stilkey. Under Rule 54(b), the Court may direct final

judgment as to one or more of the claims or parties if the Court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The First Circuit has prescribed a two-part test for reviewing a Rule 54(b) certification. Under the first part of the test, the Court must determine whether the judgment in question "has the requisite aspects of finality." *Niemic v. Galas*, 286 Fed. Appx. 738, 739 (1st Cir. 2008). Here, this part of the test is easily satisfied, as the judgment would dismiss all the claims against the Municipal Defendants and Officer Stilkey.

Under the second part of the test, the Court must determine whether there is no just reason for delay. *Id.* This inquiry requires examining two further factors: (1) "any interrelationship or overlap among the various legal and factual issues involved in the dismissed and pending claims"; and (2) "any equities and efficiencies implicated by the requested piecemeal review." *Id.* (quoting *Credit Francais Int'l, S.A. v. Bio-Vita*, 78 F.3d 698, 706 (1st Cir. 1996) (internal quotation marks omitted).

Regarding the first factor, the Plaintiff's claim against both the Municipal Defendants and Officer Stilkey involves facts closely intertwined with her claim against Sergeant Winslow. Likewise, the same legal standards which apply to the Plaintiff's claims against Officer Stilkey also apply to the Plaintiff's claims against Corporal Woll, Sergeant Winslow, and Officer Escorsio.

Regarding the second factor, the First Circuit will already be reviewing this case in connection with the appeal filed by Corporal Woll, Sergeant Winslow, and Officer Escorsio. Entering final judgment against the Municipal Defendants and

3

Officer Stilkey will allow them to appeal the Court's decision on summary judgment at the same time and make it much more likely that this case can be resolved with one appeal and one trial, rather than two appeals and, possibly, two trials. This is likely to save all interested parties—the Plaintiff, the Defendants, the District Court, and the First Circuit Court of Appeals—time and effort.

For these reasons, the Court finds there is no just reason for delay and enters final judgment in favor of the Municipal Defendants and Officer Stilkey in accordance with Federal Rule of Civil Procedure 54(b).

## MOTION FOR STAY OF DISCOVERY PENDING APPEAL

By consent motion, the Defendant requests that the Court continue the existing stay of discovery concerning the extent of Plaintiff's damages until any appeals from the Court's order on the Defendants' motion for summary judgment are resolved.

As the Defendants inform the Court, the Defendants in this case are covered under an insurance policy which has a $1 million limit that is "wasted," or eroded, by the costs of mounting a legal defense. The Defendants have no other insurance covering the claims in this case.

Proceeding with discovery would force parties whose involvement in this case may be completely vanquished by the decision on appeal to expend resources in the meantime, as discovery continues, defending their positions on the question of damages. By contrast, staying discovery would allow the parties latitude to reach a settlement without spending more money than necessary on legal fees.

For these reasons, the Court continues the existing stay of discovery pending resolution of the appeals of the Court's order on summary judgment. *See Hegarty v. Somerset Cnty.*, 25 F.3d 17, 17-18 (1st Cir. 1994) (holding that a stay of discovery "ordinarily must carry over through the *appellate court's* resolution of [the] question" where a defendant appeals a denial of qualified immunity) (emphasis in the original).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Plaintiff's motion for the Court to enter final judgment on all claims brought against the Municipal Defendants and Officer Stilkey and the Defendant's motion to stay discovery pending the resolution of the parties' appeals.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 30th day of October, 2013.